IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Milton L. Youmans, | ) | Civil Action No. 2:11-3227-DCN-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| City of North Charleston, Angela | ) | |
| McJunkin, Director, and William Taylor, | ) | |
| Deputy Director, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the plaintiff's "stipulation dismissal of defendants" Angela McJunkin and William Taylor. [Doc. 32.] Although the document is not entirely clear, it appears that the plaintiff recognizes that those two defendants cannot be individually liable for the conduct alleged and should be "remove[d] . . . as a separate entity for a lawsuit . . . ." *Id.* The plaintiff, however, wants to emphasize that those individuals are still material to his prosecution against the municipal defendant. In other words, the voluntary dismissal is not intended as any sort of concession that McJunkin and Taylor are blameless but only that no legal claim, in their individual capacities, is available.

The defendants consent to a dismissal based on such an understanding. [Doc. 34.]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the plaintiff's motion for stipulation dismissal [Doc. 32], be GRANTED and all claims against defendants Angela McJunkin and William Taylor be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

s/Bruce Howe  Hendricks
United States Magistrate Judge

August 13, 2012
Charleston, South Carolina.

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).