IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Milton L. Youmans,           )<br>                              )<br>          Plaintiff,          )<br>                              )<br>     vs.                      )<br>                              )<br>                              )<br>City of North Charleston,     )<br>                              )<br>          Defendant.          )<br>_____) | Civil Action No. 2:11-3227-DCN-BHH<br><br>**ORDER AND REPORT AND<br>RECOMMENDATION OF<br>MAGISTRATE JUDGE** |

This matter is before the Court on the defendant's motion to dismiss [Doc. 54], pursuant to Federal Rule of Civil Procedure 12. The defendant contends that the plaintiff has not provided any of the discovery he owes. After some extension of time, and by Court Order, the discovery responses were due absolutely by February 13, 2013. [Doc. 50.] The defendant represents that no answer was made by the plaintiff and asks, therefore, that the case be dismissed.

The Court is rarely inclined to recommend dismissal except under the most egregious of circumstances, especially considering the *pro se* status of the plaintiff. It is a severe sanction. More importantly, the plaintiff has attempted some response. [See Doc. 66.] Whether the discovery offered is responsive and/or properly served is not entirely clear. The defendant, of course, may challenge its sufficiency on a motion to compel. But, for the plaintiff's continued participation, the Court would not recommend dismissal.

**The plaintiff, however, is reminded that it is his responsibility to comply with the demands of litigation and the rules of civil procedure. Continued disregard for those rules and this Court's orders will leave the undersigned little choice but to impose increasingly more severe consequence, even dismissal of the case.** *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The Court's patience is not inexhaustible.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 54] should be DENIED. The clerk of court is directed to lift the stay in this case. [See Doc. 60.]

IT IS SO ORDERED AND RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

March 21, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).