IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON  DIVISION

Milton Y. Youmans,                    )    Civil Action No.  2:11-cv-3227-DCN-BHH
                                      )
                          Plaintiff,  )
                                      )
              vs.                     )    **REPORT AND RECOMMENDATION**
                                      )
                                      )
City of North Charleston, Angela      )
McJunkin, Director, and William Taylor,)
Deputy Director,                      )
                                      )
                          Defendants. )
                                      )

        This matter is before the Court on the defendants' motion for judgment on the

pleadings [Doc. 86], pursuant to Federal Rule of Civil Procedure 12(c).  Pursuant to the

provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule

73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are

referred to a United States Magistrate Judge for consideration.

## BACKGROUND

        The plaintiff contends that the defendants discriminated against him by

continually misrepresenting his performance.  (Compl. at 3.)  The plaintiff contends that

the defendants lied about his conduct.  *Id.*  The plaintiff was eventually put on a

Personal Improvement Plan for a sixty (60) day probationary period.  *Id.*  He contends

that the alleged harassment continued in the assignment of extra duties not expected of

others.  *Id.* at 4.

## APPLICABLE LAW

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). Such a motion should be granted when, accepting the facts set forth in the pleadings, the case can be decided as a matter of law. *Tollison v. B & J Machinery Co., Inc.*, 812 F. Supp. 618, 619 (D.S.C.1993). The standard is almost identical to the standard employed in considering a Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." *Cont'l Cleaning Serv. v. United Parcel Serv., Inc.*, 1999 WL 1939249, at *1 (M.D.N.C.1999); *see also Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir.2002). In addition to the complaint, the factual allegations of the answer are taken as true, to the extent "they have not been denied or do not conflict with the complaint." *Pledger v. North Carolina Dep't of Health & Human Servs.*, 7 F. Supp.2d 705, 707 (E.D.N.C.1998).

Instructively, under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible

2

claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The defendants argue that the plaintiff has failed to state a claim for either hostile work environment or discriminatory discharge, pursuant to Title VII of the Civil Rights Act of 1964. The defendants contend that the plaintiff has failed to plead the necessary elements of those causes, which are as follows. First, "[t]o demonstrate a hostile work environment prohibited by Title VII, Plaintiff must prove that [he] was the subject of conduct that was: (1) unwelcome; (2) based on h[is] race; (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and that (4) there is some basis for imposing liability on the employer." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183-84 (4th Cir.2001).

Second, "[t]o establish a prima facie case of discrimination, a plaintiff must allege facts showing (1) he is a member of a protected class; (2) he suffered an adverse

employment action; (3) he was performing his job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir.2004).

Specifically, the defendants contend that, with respect to these claims, the plaintiff has failed to allege: (1) that he was a member of a protected class; (2) that his alleged harassers were members of a different class than him; (3) that he was terminated (or otherwise treated differently) because of his membership in a protected class; (4) that his position was filled by a person of a different class; (5) that any alleged harassment was sufficiently severe and pervasive so as to alter the conditions of his employment; and (6) that he reported the alleged harassment so that the City had an opportunity to address and correct any harassment.

As an initial matter, item (2) is not a necessary element of any discrimination claim, although sometimes a defense, and item (6) is only situationally relevant depending on the title and authority of the alleged harassers.  More importantly, the parties agree that the plaintiff is not actually required to plead any particular elements of the relevant *prima facie* cases, described above, in order to survive this motion.  *See Swierkiewicz v. Sorema, N.A.*, 5534 U.S. 506 (2002) ("[I]t is not appropriate to require a plaintiff to plead facts establishing a *prima facie* case because the *McDonnell Douglas* framework does not apply in every employment discrimination case.").  As the United

4

States Supreme Court acknowledged in *Swierkiewicz*, the precise articulation of, and even need for, a *prima facie* showing, pursuant to the *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), burden-shifting scheme, will necessarily be dependent on the results of discovery and framing of the ultimate factual claim.

The plaintiff, here, has plead claims pursuant to Title VII of the Civil Rights Act of 1964, which makes it unlawful to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ."    42 U.S.C. 2000e-2.    Hostile work environment and discriminatory discharge claims are recognized as arising from this language.    The plaintiff has alleged that he was "subjected to [] discriminatory practices of [his] Supervisors."  (Amen. Compl. at 2.)  Those alleged practices include:

- a wrongful August 2009 performance improvement plan, *id*;

- additional scrutiny and hostile treatment from September 2009 through December 2009, *id*. at 3;

- an improper May 2010 reprimand, *id*. at 3;

- an intentional misrepresentation of his productivity in June 2010, including a statement from his supervisor, "Damn Lee I was trying hard to get yo ass," *id*. at 4;

- extra weekend duties beyond what was required of others, *id*. at 4-5; and

- pretextual termination against normal policy, *id*. at 6.

The plaintiff, therefore, has alleged that he was discriminated against in

numerous ways including his termination. Express in these allegations is the belief that he was performing his job satisfactorily notwithstanding the defendants' accusations to the contrary. And, in the quote from his supervisor, he may even have alleged strong circumstantial evidence of the discrimination alleged, sufficient to proceed without the aid *McDonnel Douglas*. See *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005). The discriminatory discharge claim should continue. The plaintiff may also have a general disparate treatment claim to the extent that the PIP or other act of the defendants, short of termination, also qualify as an adverse employment action.

By contrast, the plaintiff's hostile work allegations are admittedly more questionable. To establish a hostile work environment claim, the plaintiff must prove by a preponderance of the evidence that she was subjected to (1) unwelcome harassment; (2) based on her race; (3) that is sufficiently severe or pervasive to alter the conditions of his employment and create an abusive atmosphere; and (4) that is imputable to the defendant. *See  EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir.2009). The "severe or pervasive" element of a hostile work environment claim "has both subjective and objective components." *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 333 (4th Cir. 2003) (en banc). First, the plaintiff must show that she "subjectively perceive[d] the environment to be abusive." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22 (1993). Next, the plaintiff must demonstrate that the conduct was such that "a reasonable person in the plaintiff's position" would have found the environment

objectively hostile or abusive. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81-82 (1998).  Typically,  the harassing "conduct must be [so] extreme [as] to amount to a change in the terms and conditions of employment."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

The plaintiff has alleged some conduct, which taken together, might begin to evidence some part of a hostile work environment.  Other possible relevant misconduct is referred to in only generalities.  (See Amend. Compl. at 3 (The following months . . . placed . . .  in a very hostile work environment . . . .") The Court would liberally give this kind of generalized statement some credit, now, in the context of the whole pleading, as the plaintiff is proceeding without the assistance of counsel. The defendants argue that the plaintiff is not entitled to any deference as a *pro se* litigant because his response to the motion for judgment on the pleadings, relative to his Complaint, evidences the assistance of shadow legal counsel.  *See Laremont-Lopez v. Southeastern Tidewater Opportunity Center*, 968 F.Supp. 1075, 1077 (E.D.Va.1997).   But, the Court is not liberally construing the plaintiff's *response to the motion for judgment on the pleadings*; it is the Amended Complaint, admittedly less artfully drawn and likely so by the plaintiff, himself, which is owed some leeway.   The defendants necessarily mean, by their argument in contrast, that the plaintiff was actually the author of the Amended Complaint.   As a result, that pleading should be measured by the less stringent standard typically applicable in *pro se* cases.   *See Dolgaleva v. Virginia Beach City Public Schools*, 364 Fed. Appx. 820, 827 (4th Cir.2010).

7

Through this lens, the hostile work environment claim should proceed to some discovery.  In part, this is a practical decision, insofar as the claim for discriminatory discharge/disparate treatment should plainly continue and there is no additional burden in discovery to have to investigate the hostile work environment claim some.

Lastly, the defendants have noted that the plaintiff never actually identifies the protected class to which he belongs and against which the alleged discriminatory conduct was aimed.  The observation is accurate.  The plaintiff nowhere identifies either his own demographic or the legal class upon which the claim is based.  Notwithstanding, it is undisputed that the plaintiff is an African American.  (Pl. Resp. at 2.)  The underlying administrative charge was based on racial discrimination. [Doc. 93-1 at 12.] The defendants are not at some informational prejudice for the plaintiff's failure to include a detail he presumed was so obvious it required no mention.  If the defendants feel legally entitled to the presence of the word, "race," then the district court can allow leave for the plaintiff to cure; the undersigned would not recommend it, however.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, defendants' motion for judgment on the pleadings [Doc. 86] is DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe  Hendricks
United States Magistrate Judge

December 31, 2013
Greenville, South Carolina.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).