# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MILTON L. YOUMANS, ) | |
| ) | No. 2:11-cv-3227-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY OF NORTH CHARLESTON, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on a report and recommendation ("R&R") issued by United States Magistrate Judge Bruce Howe Hendricks. The magistrate judge recommends that the court deny defendant's motion for judgment on the pleadings. For the reasons that follow, the court adopts in part the R&R, and grants in part and denies in part the motion for judgment on the pleadings. The court also denies plaintiff's motion to file an amended complaint.

## I.   BACKGROUND

### A.  Factual History

As is required on a motion for judgment on the pleadings, the court construes the facts of this case in the light most favorable to the non-moving party. As a result, the following facts are drawn from plaintiff Milton L. Youmans's ("Youmans") amended complaint unless otherwise noted.

Youmans was an employed by defendant, the City of North Charleston ("the City"), in the City's Code Enforcement Division. See Answer ¶ II.A.1. On August 5, 2009, Youmans's supervisors required him to complete a personal improvement plan. From September 2009 through December 2009, Youmans's supervisors repeatedly made

1

negative comments about his performance, despite the fact that he met his performance goals.

In May 2010, Youmans's supervisors told him that he had failed to close out the proper number of cases. Youmans's supervisors later admitted that this was an error, as Youmans had actually exceeded his targets for closed cases. Youmans's supervisors continued to improperly report his performance on his monthly reports.

In October 2010, Youmans was assigned to weekend work duty. This assignment was Youmans's fifth weekend of work duty for the year; other officers in his position were only assigned four weekends of work duty per year. On Saturday, October 23, 2010, Youmans tasked with supervising five community service workers as they cleaned up roadside areas in North Charleston. After dropping the volunteers in two separate locations on Rivers Avenue, Youmans left the area to deliver a ticket for a coworker. Youmans returned to the area after 2:00 p.m., at which point several of the community service workers had already left for the day.

On November 2, 2010, the City discharged Youmans. The City stated that Youmans was discharged for his failure to properly supervise the community service workers on October 23, 2010.

### B. Procedural History

Youmans, appearing pro se, filed his complaint in this court on November 28, 2011. On June 18, 2012, Youmans amended his complaint at the direction of the magistrate judge.

On May 16, 2013, the City filed the instant motion for judgment on the pleadings, arguing that the amended complaint failed to state either a hostile work environment

claim or a discriminatory discharge claim under Title VII. On June 25, 2013, Youmans opposed the City's motion and, in the alternative, sought leave to file a second amended complaint.

On December 31, 2013, the magistrate judge issued the R&R, in which she recommended denying the City's motion for judgment on the pleadings. The City objected to the R&R on January 16, 2014. Youmans has not responded to the R&R or to the City's objections. This matter is now ripe for the court's review.

## II.  STANDARDS

The court is charged with conducting a de novo review of any portion of the R&R to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of the court to make a final determination. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). A party's failure to object may be treated as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Courts follow "a fairly restrictive standard" in ruling on 12(c) motions, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2011). Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the

plaintiff." BET Plant Servs., Inc. v. W.D. Robinson Elec. Co., 941 F. Supp. 54, 55 (D.S.C. 1996).

"[A] Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." Deutsche Bank Nat'l Trust Co. v. IRS, 361 F. App'x 527, 529 (4th Cir. 2010); see Burbach Broad. Co. v. Elkins Radio, 278 F.3d 401, 405 (4th Cir. 2002). Thus, in order to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

### III.  DISCUSSION

The R&R recommends that the court deny the City's motion for judgment on the pleadings with respect to both Youmans's hostile work environment and discriminatory discharge claims. Neither party objects to the magistrate judge's recommendation regarding Youmans's discriminatory discharge claim. The court has also reviewed the R&R and finds no clear error on the face of the record. As a result, the court accepts the R&R to the extent that it recommends denying judgment on the pleadings with respect to Youmans's discriminatory discharge claim. What remains to be considered are the City's

arguments regarding Youmans's hostile work environment claim and his motion to amend the complaint.

### A. Youmans's Hostile Work Environment Claim

The City contends that Youmans's hostile work environment claim must fail because he failed to exhaust his administrative remedies. "In order to pursue [any] Title VII claim, a plaintiff must first file an administrative charge with the EEOC." Gilliam v. S. Carolina Dep't Of Juvenile Justice, 474 F.3d 134, 139 (4th Cir. 2007) (citing 42 U.S.C. § 2000e-5(e)). "Even after a plaintiff has exhausted his administrative remedies, the administrative framework plays a substantial role in focusing the formal litigation it precedes." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). If "the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995). As the Fourth Circuit has explained, "the allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct." Chacko, 429 F.3d at 509 (finding that a plaintiff's administrative charges, which referenced specific acts of supervisor discrimination, could not support later claims of continuous name-calling harassment by coworkers).

In this case, Youmans filed a charge of discrimination with the South Carolina Human Affairs Commission on March 23, 2011. Pl.'s Opp'n to Mot. for J. on Pleadings Ex. 1 at 12. In his charge, Youmans alleged that the earliest date that discrimination took place was November 2, 2010 and that the latest date that discrimination took place was November 2, 2010. Id. He did not check the box on the charge form that states that the

5

discrimination is a continuing action. Id. In its entirety, Youmans's administrative charge states:

> I. PERSONAL HARM: I was discharged from my employment on November 2, 2010.
>
> II. RESPONDENT'S REASON (S) FOR ADVERSE ACTION (S): Deficiencies in work performance.
>
> III. COMPLAINANT'S CONTENTION (S): I was falsely accused of an incident which I deny. I am aware of a similarly situated white employee that violated company policy, yet he was not discharged for his offenses.
>
> IV. DISCRIMINATION STATEMENT: I therefore believe that I have been discriminated against on the basis of my race (black) in violation of the SC Human Affairs Law, as amended, and Title VII of the US Civil Rights Act of 1964, as amended.

Id.

A plain reading of Youmans's administrative charge shows that he alleged a single incident of discrimination. His charge does not allege any continuing discriminatory actions, and does not describe any discrimination that he suffered other than his termination on November 2, 2010. As a result, a reasonable investigation of Youmans's charge would not have revealed the hostile work environment about which Youmans now complains. Youmans's hostile work environment claim is procedurally barred. See Chacko, 429 F.3d at 511-12; Govan v. Caterpillar, Inc., 899 F. Supp. 2d 445, 457 (D.S.C. 2012) (holding that an administrative charge alleging discriminatory discharge could not support a hostile work environment claim).

Because Youmans's hostile work environment claim is procedurally barred, the court need not consider whether that claim has been sufficiently pleaded. The City is entitled to judgment on the pleadings with respect to the hostile work environment claim.

### B. Youmans's Motion to File a Second Amended Complaint

Finally, Youmans moved for leave to file a second amended complaint "pursuant to Rule 15(a) to conform to the discovery." Pl.'s Opp'n at 11.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that courts should freely give plaintiffs leave to amend their complaints when justice so requires. In this case, Youmans appears to seek leave to amend his complaint so that he may provide more detail regarding his hostile work environment claim. Pl.'s Opp'n at 12. As the court has already found that this claim is procedurally barred, amendment of Youmans's complaint would be futile. Justice does not require the court to allow Youmans to further amend a claim that is procedurally barred.

## IV.   CONCLUSION

For the foregoing reasons, the court **ADOPTS IN PART** the magistrate judge's R&R, ECF No. 116, and **GRANTS IN PART AND DENIES IN PART** the City's motion for judgment on the pleadings, ECF No. 86. The court **GRANTS** the City's motion for judgment on the pleadings as to Youmans's Title VII hostile work environment claim. The court **DENIES** judgment on the pleadings as to Youmans's Title VII discriminatory discharge claim. The court also **DENIES** Youmans's motion to amend his complaint, as the amendment he proposes would be futile.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 6, 2014**
**Charleston, South Carolina**

8